**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CLAUDE BROWN; HELEN BROWN,
Plaintiffs-Appellants,

v.

No. 96-1057

CITY OF BRISTOL, TENNESSEE; DONALD
BROWN, Deputy City Manager;
FRANK CLIFTON, City Manager,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Abingdon.
Glen M. Williams, Senior District Judge.
(CA-94-125-A, BK-94-379, AP-94-49)

Argued: September 26, 1996

Decided: October 31, 1996

Before HALL, NIEMEYER, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Tayloe Copeland, COPELAND, MOLINARY &
BIEGER, Abingdon, Virginia, for Appellants. James Earl Green,
GREEN & HALE, Bristol, Tennessee, for Appellees. **ON BRIEF:**
Fred M. Leonard, Bristol, Tennessee, for Appellants. Kenneth D.
Hale, GREEN & HALE, Bristol, Tennessee; M. Lacy West, Julia
Cyphers West, WEST & ROSE, Kingsport, Tennessee, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Claude and Helen Brown are developers of a subdivision in Bristol, Tennessee, for which they received a conditional approval from the City's Planning Commission. The Planning Commission required that the Browns complete ten items of street, water, and storm sewer work before the subdivision could "be considered for final approval."

While there is no evidence that the Browns completed the conditions imposed by Bristol, they nevertheless began selling lots to the public. When the City learned of the sales, it published and recorded among the land records a notice that the streets and other improvements in the subdivision "have not been accepted or opened as, nor have the same otherwise received the legal status of, public streets or improvements."

In response to the notice, the Browns filed this action in federal court against the City of Bristol and two of its managerial employees, alleging that Bristol had taken the Browns' property without due process of law, slandered the title to their property, and inversely condemned the property. On the defendants' motion to dismiss and for summary judgment, the district court entered summary judgment dismissing the action. The court concluded that under Tennessee law, the City of Bristol enjoyed state sovereign immunity and its officers were qualifiedly immune under Harlow v. Fitzgerald , 457 U.S. 800, 815-19 (1982). This appeal followed.

The Browns contend on appeal principally that they did not have adequate notice that the district court was going to treat the defendants' motion to dismiss as one for summary judgment because the defendants labeled their motion as a "motion to dismiss." The Browns also contend that the case should be remanded on the takings issue because the district court did not address it and that the district court

erred in giving the City of Bristol immunity from Fifth Amendment liability.

Having carefully reviewed the entire record in this case and considered the arguments of counsel, we find no merit to the Browns' appeal.

On the Browns' claim that they were not notified that the defendants' motion to dismiss would be treated by the court as a motion for summary judgment, the record belies their contentions. In the district court, the defendants did label their motion as a "motion to dismiss," but they stated in their papers that because they attached affidavits and papers, they "intend for their[motion] to be treated as one for summary judgment." The record reveals that the Browns were adequately alerted to the scope of the defendants' motion because in their response to the motion, they included a section labeled "summary judgment." Moreover, in the text of their response, the Browns acknowledged that the defendants intended to have their motion to dismiss treated as one for summary judgment. Nonetheless, the Browns elected not to file any affidavits contesting the facts asserted by the defendants.

Several months later, the district court granted the defendants' motion for summary judgment, accepting the undisputed facts asserted by the defendants in their papers. We find no merit to the Browns' assertion that the court should have provided the Browns with notice of its intent to treat the motion to dismiss as one for summary judgment. See Fed. R. Civ. P. 12(b). The court need not initiate such a notice if the moving party in its papers does so. The admonishment provided in Rule 12(b) is designed to give the non-moving party notice and the opportunity to file opposing affidavits as if the motion were filed under Rule 56. Here, the Browns had both notice and the opportunity to file opposing affidavits, but chose not to submit any factual materials. Even on appeal, moreover, the Browns made no proffer of what they would file, nor did they express disagreement with the facts of record.

The facts in this case are straightforward and do not entitle the Browns to relief on the merits. The Browns owned real property in Bristol for which they applied to the Bristol Planning Commission for

3

subdivision approval. Approval was granted, subject to completion of ten items of work. The Browns never took an appeal from the City's conditional approval to contest the conditions. The City contends that the work included in the conditional approval was never completed and that the Browns never applied for "final approval." Rather, they sought, with this action, to challenge the conditions collaterally or to claim that the City could not require its approval for the subdivision. Their right to challenge those issues, however, had long passed.

In circumstances where the Browns failed to challenge or to follow reasonable procedural avenues to obtain approval for their subdivision, they cannot later claim, when the interested governmental body insists on compliance with its approval requirements, that their property was taken without due process. Cf. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 194-97 (1985). Moreover, when the Browns began to sell the lots without having obtained subdivision approval as required by law, the City had a right to publish and record a notice that it had not granted final approval for the subdivision. The Browns do not contend that the notice was in error, only that it impaired their ability to bypass lawfully imposed conditions for approval of the subdivision.

On these facts there can be no taking of property or slander of title. Finding the Browns' claim meritless, we affirm.

AFFIRMED

4